ORIGINAL

# In the United States Court of Federal Claims

No. 18-17C

(Filed June 29, 2018)

NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MUHAMMAD JALAL-DEEN AKBAR,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED

JUN 29 2018

U.S. COURT OF
FEDERAL CLAIMS

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

    On December 29, 2017, Muhammad Jalal-Deen Akbar, filed a complaint in this court in which he appears to allege that an individual has been withholding from him disability benefits paid by the Department of Veterans Affairs. The government filed a motion to dismiss the complaint on February 27, 2018, contending that Mr. Akbar has failed to allege a claim within this court's subject-matter jurisdiction. On May, 22, 2018, Mr. Akbar filed a response to the government's motion to dismiss and a motion for summary judgment. Shortly thereafter, on June 5, 2018, the government filed a reply in support of its motion. Finally, on June 15, 2018, plaintiff filed a reply in support of his motion for summary judgment. Oral argument is unnecessary. For the reasons stated below, the government's motion is **GRANTED**.

### I. BACKGROUND

    As best as the Court can discern from his rather unconventional submissions, Mr. Akbar is a prisoner in federal custody at a facility in Texas. Compl. Ex. 1, at 1. The nature of his claim, or claims, is very difficult to discern. The complaint begins by asserting that this court has jurisdiction over his claim because it concerns breach of a contract, military pay, and the failure to pay Mr. Akbar his veterans'

7012 3460 0001 7791 7852

benefits. Compl. at 1. He claims an entitlement to these benefits by virtue of his being entirely disabled due to service-connected post-traumatic stress disorder. *Id.* Mister Akbar maintains that a fiduciary has misappropriated and embezzled some of his benefits. *Id.* Attached to the complaint were a series of documents which have little to no apparent relevance to a claim for veterans' benefits. For example, Mr. Akbar included a copy of a request for a transfer to a different federal prison and a motion to compel a public defender to surrender his case file. *See* Compl. Ex. 1, at 1–3. A copy of an application to proceed *in forma pauperis* filed in a district court action, which lists veterans' benefits as his only source of income, sheds some light on his claim.[1] *See id.* at 5. It identifies several months for which his fiduciary had not deposited Mr. Akbar's disability benefits into his prison account. *Id.* Plaintiff also included a copy of a psychiatric evaluation which discusses his post-traumatic stress disorder. *Id.* at 12–17.

Unsurprisingly, the government has moved to dismiss the complaint, contending that plaintiff has failed to state a claim within our court's subject-matter jurisdiction. Def.'s Mot. at 1–4. The government notes that merely referencing the word "contract" or "military pay" does not itself provide this court with jurisdiction. *Id.* Plaintiff's opposition to that motion, which included some pages identified as a motion for summary judgment, does little to shed light on the nature of his claims. This filing is a compilation of documents, including the first page of defendant's motion to dismiss the complaint, excerpts from Mr. Akbar's military records, and records of transactions from Mr. Akbar's inmate trust account. Pl.'s Resp. to Def.'s Mot. & Cross-Mot. for Summ. J. at 1–17. In the part of this submission entitled a summary judgment motion, Mr. Akbar appears to contend that one Arthur A. Cappilla---who does not appear to be a federal employee---has misappropriated funds in his capacity as the fiduciary charged with the management of Mr. Akbar's finances. *Id.* at 24. It appears that Mr. Cappilla is charged with such guardianship because Mr. Akbar's mental illness renders him incompetent in such matters. *See id.* at 24–26. Plaintiff seems to question the size of the deposits into his prison

---

[1] Plaintiff also filed an application to proceed *in forma pauperis* in this case, which the government has not opposed. That application is **GRANTED**. Notwithstanding the waiver, prisoners seeking to proceed *in forma pauperis* are required to pay, over time, the filing fee in full. 28 U.S.C. § 1915(b). Thus, Mr. Akbar shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in her account for the six-month period immediately preceding the filing of his complaint. *Id.* § 1915(b)(1). Thereafter, Mr. Akbar shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. *Id.* § 1915(b)(2). The agency having custody of Mr. Akbar shall forward payments from his account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. *Id.*

account as well as their frequency, and he has submitted prison account records showing that a $200 deposit has not been received on a monthly basis. *Id.* at 5–17.

In the reply in support of its motion, the defendant notes that Mr. Akbar's response does nothing to indicate that he has a claim within our jurisdiction and that, to the extent his response references any cognizable claim at all, those claims sound in tort and are not made against the United States government. Def.'s Reply at 1–4. The final submission, Mr. Akbar's reply in support of his motion for summary judgment, adds little clarity to the nature of his claim. He asserts that he was beaten by prison guards; disputes various aspects of his psychiatric evaluation report, another copy of which he includes and upon which he wrote comments; contends that he was not mentally competent to stand trial when he was convicted in the 1980s; and again asserts his entitlement to veterans' benefits. Pl.'s Reply in Support of Mot. for Summ. J. at 2, 4, 6, 13.

## II. DISCUSSION

### A. Standard of Review

Under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, claims brought before this court must be dismissed when it is shown that the court lacks jurisdiction over their subject matter. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside the court's jurisdiction from being dismissed, *see Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

### B. Analysis

The only claim for money Mr. Akbar appears to have against the United States is one related to his veterans' benefits. The Court of Federal Claims, however, has no jurisdiction to review any claim for veterans' benefits. *See*

*Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005) (citing 38 U.S.C. §§ 7251–98). Such claims fall within the exclusive jurisdiction of the Court of Appeals for Veterans' Claims. *Id.* The court also lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Schillinger v. United States*, 155 U.S. 163, 169 (1894). To the extent plaintiff's claims regarding the theft of his veterans' benefits, or his abuse by prison guards, are decipherable, they clearly sound in tort and thus cannot be heard in this court. The same is true for Mr. Akbar's disputes regarding the conduct of his criminal trial, or allegations of criminal conduct on the part of government officials, as such matters are reserved for the district courts and the appropriate courts of appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Stanwyck v. United States*, 127 Fed. Cl. 308, 313–14 (2016). Even if Mr. Cappilla were an authorized agent of the United States government---a matter which is not properly alleged and explained in the complaint and other papers---his alleged actions are either tortious or criminal and thus not among the things our court is empowered to hear. Accordingly, none of Mr. Akbar's claims are within our subject-matter jurisdiction.[2]

### III. CONCLUSION

For the reasons stated above, the government's motion to dismiss this case is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**. The Clerk shall close the case. No costs shall be awarded.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[2] As the Court lacks jurisdiction over his claims, plaintiff's motion for summary judgment is **DENIED** as moot.